IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>Defendants. | Case No.: 23-mc-22253 |

**DEFENDANTS' REPLY TO RESPONSE OF
DENNIS MONTGOMERY TO ORDER TO SHOW CAUSE**

Respondent Dennis Montgomery has been given reasonable opportunity to provide to the Court any reason that he alleges should excuse him from providing deposition testimony as required by the subpoena served upon him in the above-captioned matter. Montgomery has not provided any reason. The Court should enter an order compelling his testimony, as requested in Defendants' motion to compel.

On April 28, 2023, Defendants served Montgomery with a subpoena requiring him to appear for a deposition. Counsel for Montgomery responded to the subpoena by informing Defendants that Montgomery would not appear as commanded by the subpoena without a court order pursuant to a motion to compel. The date set for the deposition passed. On June 19, 2023, Defendants filed with this Court a motion to compel Montgomery. *See* Doc. 1.

On July 12, 2023, this Court ordered that Montgomery respond to the motion to compel by July 19, 2023. Doc. 18. On July 12, 2023, the same day the Order was issued, Defendants served the order on Montgomery's attorney. Doc. 19. Montgomery did not respond to the motion to

1

compel by July 19, 2023. On August 1, 2023, this Court ordered Montgomery to show cause, by August 3, 2023, why he failed to timely respond to the motion to compel and why the motion should not be granted. Doc. 20. Defendants again served the order to show cause on Montgomery's attorney on August 1, 2023, the same day the order was issued. Doc. 21.

On August 3, 2023, counsel for Montgomery emailed to the Court a response to the order to show cause ("Montgomery Response"). The Montgomery Response was largely directed toward a separate subpoena *duces tecum* served upon Montgomery, which is the subject of a separate motion to compel proceeding in the Middle District of Florida, the location where compliance with the subpoena *duces tecum* was required. The Montgomery Response provided no reason that Montgomery should not be compelled to provide deposition testimony, which is the only question at issue in this proceeding.

The Montgomery Response made numerous assertions concerning, first, a protective order issued by the U.S. District Court for the District of Nevada in 2007 and, second, the "state secrets" privilege. However, the Montgomery Response admits that "Only the Government can assert the privileges, not Mr. Montgomery," and it further discloses that Montgomery, after he was served with the subpoena, "immediately forwarded a copy of the subpoena" to the United States Attorney General and to two attorneys in the Department of Justice, and the only response received from the Department is that "its position is reflected in the memorandum it filed in the District of Nevada," a copy of which is attached to the Montgomery Response. Notably, on August 4, 2023, the Nevada District Court entered an order accepting and adopting in full the Magistrate Judge's Report & Recommendation (which was attached to the Montgomery Response), stating, "There is no question that the protective order does not apply to non-party Lindell or any litigation other

than the eTreppid case." Order at 3, ECF 1265, *Montgomery et al. v. eTreppid Techs. et al.*, no. 3:06-cv-00056-MMD-CSD (D. Nev. Aug. 4, 2023).

Montgomery has asserted no basis for refusing to testify other than his ostensible concern that the government does not want him to testify. Yet, because Montgomery forwarded the subpoena to the Attorney General and the Department of Justice "immediately" upon receiving it in April 2023, the government has had the subpoena for more than three months. The government's lack of action concerning the subpoena makes plain that the government has no issue or concern about Montgomery giving the deposition testimony required by Defendants' subpoena (nor, for that matter, issue or concern about Montgomery producing the documents required under the subpoena *duces tecum* issued in the Middle District).[1]

There is no basis for Montgomery to refuse to testify. The Court should enter an order compelling Montgomery to appear for the requested deposition and to answer all questions posed, in accordance with the subpoena served upon him.

---

[1] Today the Middle District issued an order requiring Montgomery to show cause why he has not complied with the Court's previous Order to provide all responsive documents by July 31, 2023. *See* Order, ECF 20, *Smartmatic USA Corp. et al. v. Lindell, et al.*, no. 2:23-mc-00003-SPC-KCD (M.D. Fla. Aug. 9, 2023).

Dated: August 9, 2023

**WALTERS LEVINE DEGRAVE**
Heather A. DeGrave (FL Bar No.: 756601)
601 Bayshore Blvd.
Suite 720
Tampa, Florida 33606
Tel: 813-254-7474
hdegrave@walterslevine.com

**PARKER DANIELS KIBORT LLC**
Andrew D. Parker* (MN Bar No. 195042)
Joseph A. Pull* (MN Bar No. 0386968)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
pull@parkerdk.com

*admitted *Pro Hac Vice*

*Counsel for Defendants*